VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF CHARLOTTESVILLE

QUEEN OF VIRGINIA SKILL AND
ENTERTAINMENT, LLC, POM OF
VIRGINIA, LLC, AND MIELE
MANUFACTURING, INC.,

    Plaintiff,

v.                                                     Case No. CL19000324-00

JOSEPH D. PLATANIA, IN HIS OFFICIAL
CAPACITY AS COMMONWEALTH'S
ATTORNEY FOR THE CITY OF
CHARLOTTESVILLE,

    Defendant.

## DEMURRER TO COMPLAINT

    NOW COMES the Defendant Joseph D. Platania, in his official capacity as Commonwealth's Attorney for the City of Charlottesville ("Platania"), by counsel, pursuant to Section 8.01-273 of the *Code of Virginia*, and avers the Complaint fails to state a cause of action against him, and fails to state facts sufficient to support a cause of action against him for the following reasons:

    1.     Plaintiffs offer electronic console games to bars and convenience stores in the Commonwealth of Virginia. These games are known as "Queen of Virginia Skill & Entertainment" games. Despite the name, Plaintiffs' games have aspects similar to slot machines that allow players to insert and either win or lose money. As such, Platania determined that probable cause exists that Plaintiffs' games may be gambling devices which violate Va. Code §§ 18.2-325 and 331 (herein after, "Virginia gambling statutes"). Platania advised the locations in Charlottesville that housed Plaintiffs' game terminals that they would risk prosecution for a

EXHIBIT D

Class I Misdemeanor if the games remained on their premises after August 5, 2019. To the best of Platania's knowledge, the locations complied and removed the games. Plaintiffs now bring suit in an effort to interfere with Platania's prosecutorial discretion, even though they themselves were not subject to prosecution. In Count I of the Complaint, Plaintiffs seek declaratory judgment under the Fourteenth Amendment and the Virginia Constitution and ask this Court to declare their game is not an illegal gambling device. In Count II, Plaintiffs bring suit under 42 U.S. § 1983 and allege their Fourteenth Amendment Due Process rights were violated. In Count III, Plaintiffs seek a writ of prohibition against Platania. In Count IV, Plaintiffs seek a temporary and permanent injunction. Plaintiffs' claims are largely duplicative of one another and all seek the same relief: judicial interference with the business of the Commonwealth's Attorney. All of Plaintiffs' claims should be dismissed.

## NO JUSTICIABLE CONTROVERSY

2. The Complaint fails to present a justiciable controversy, thereby rendering the court without jurisdiction. Plaintiffs seek a determination regarding the application of the Virginia gambling statutes to their game. Specifically, Plaintiffs seek a declaration their game does not constitute illegal gambling under Va. Code § 18.2-325 and that the game is not an illegal gambling device under Va. Code § 18.2-331. As such, Plaintiffs' objective in the declaratory judgment count is to seek a determination of a disputed issue rather than an adjudication of their rights. This is improper for at least three reasons. First, Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Board of Supervisors, 285 Va. 87, 99 (2013); and Daniels v. Mobley, 285 Va. 402 (2013) hold that there was no justiciable controversy where a plaintiff sought a declaration that a Texas Hold 'Em poker game did not violate Va. Code § 18.2-325, because that plaintiff's request concerned a determination of a

2

disputed issue rather than a request for adjudication of rights. Second, Plaintiffs' request for a declaration that its game does not constitute illegal gambling concerns the interpretation of a criminal statute. Declaratory relief is inappropriate to restrain a Commonwealth's Attorney in criminal matters. Daniels, 285 Va. at 899-900. Third, granting Plaintiffs' requested declaration concerning the legality of its game would amount to an improper advisory opinion. Daniels, 285 Va. at 900.

## NO STANDING

3. Plaintiffs also have no standing to seek a remedy under the Fourteenth Amendment and the Constitution of Virginia. Plaintiffs claim Virginia's gambling statutes are unconstitutionally vague, because they invite arbitrary and selective enforcement. This is a facial challenge based on due process overbreadth, and Plaintiffs have no standing to make a facial attack upon a penal statute on that basis. See Daniels v. Mobley, 285 Va. 402, 904 (McClanahan concurring, citing Stanley v. City of Norfolk, 218 Va. 504 (1977)). Plaintiffs would only have standing to challenge criminal statutes as applied to them. Id. However, because Plaintiffs have not been convicted or cited for a violation of any criminal statute by Defendant, Plaintiffs do not have standing to make an "as-applied" challenge to the gambling statutes. See e.g., Tanner v. City of Va. Beach, 277 Va. 432 (2009).

## NO CONSTITUTIONALLY PROTECTED RIGHT

4. Even if Plaintiffs had standing to pursue a claim under the Fourteenth Amendment, it is well-settled that gambling does not implicate a constitutionally protected right. United States v. Edge Broad Co., 509 U.S. 418, 426 (1993). As such, Plaintiffs' due process challenge fails as a matter of law. See e.g., Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1982) (requiring courts to first determine whether a statute

implicates a substantial amount of constitutionally protected conduct when considering a facial challenge under the Due Process Clause). Plaintiffs' claims also fail since Virginia's gambling statutes are not impermissibly vague in all of their applications. Hoffman, 455 at 495; Martin v. Lloyd, 700 F.3d 132 (holding South Carolina statute prohibiting gambling devices "pertaining to games of chance" had a plainly legitimate sweep and more than conceivable application rendering it facially valid). Moreover, the possibility of a difference of opinion amongst law enforcement concerning the application of the gambling statutes to Plaintiffs' game does not establish unconstitutional vagueness in violation of the Due Process Clause. Martin, 700 F.3d at 137.

## STATE SOVEREIGN IMMUNITY

5. Platania has sovereign immunity for Plaintiffs' claims under Virginia law. Platania has been sued in his official capacity as an attorney for the Commonwealth. Platania is a constitutional officer whose duties are prescribed by law. Va. Const. art. VII, § 4; Doud v. Commonwealth, 282 Va. 317, 321 (2011). As such, the immunity of the Commonwealth extends to Platania, and Platania is immune from actions such as the one at bar which seek to restrain governmental action. Afzall v. Commonwealth, 273 Va. 226, 231 (2007).

## ABSOLUTE IMMUNITY

6. Platania is also entitled to absolute immunity from Plaintiff's claims under either federal or state law. See Vosburg v. Department of Social Services, 884 F.2d 133 (4th Cir. 1989); Sprigmen v. Williams, 122 F.3d 211, 212-13 (4th Cir. 1997) (holding that the doctrine of absolute immunity squarely covers a prosecutor's decision to go forward with a prosecution). Where a prosecutor is acting within the scope of his duties and is involved with the charging process under Virginia law, his actions are intimately connected with the lawyer's role in judicial

4

proceedings. See e.g., Imbler v. Pachtman, 424 U.S. 409 (1976). Thus, the lawyer is entitled to absolute immunity from suit for his actions. Andrews v. Ring, 266 Va. 311, 585 S.E.2d 780 (2003). The same rule applies under state and federal law. Hunter v. Virginia State Bar, 786 F. Supp. 2d 1107, 1112 (E.D. Va. 2011); Imbler v. Pachtman, 424 U.S. 409 (1976).

## NOT A PROPER WRIT OF PROHIBITION

7. Plaintiffs also cannot seek a writ of prohibition against Platania under Virginia law since such writs apply only to inferior courts, and Platania is not a judge. Goodrich v. Commonwealth, 210 Va. 295, 295, 171 S.E.2d 256, 256–57 (1969). Under Virginia law, the purpose of the writ of prohibition is "to restrain an inferior court from acting in a matter of which it has no jurisdiction, or in which it is transcending the bounds of its jurisdiction." Moss v. Barham, 94 Va. 12, 26 S.E. 388, 388–89 (1896); In re Vauter, 292 Va. 761, 768 (2016) (A writ of "[p]rohibition is an extraordinary remedy issued by a superior court to prevent an inferior court from exercising jurisdiction over matters not within its cognizance where damage or injustice is likely to follow from such action."). A writ of prohibition "is a remedy provided by the common law to redress the grievance growing out of an encroachment of jurisdiction, and issues properly out of a superior court to an inferior court, commanding them to cease from the prosecution of a suit, upon a suggestion that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court." In re Vauter, 292 Va. at 768 (citing James v. Stokes, 77 Va. 225, 229 (1883)). Platania is not a judge, and Plaintiffs cannot pursue a remedy that encroaches on Platania's authority to prosecute criminal matters. Daniels, 285 Va. at 900; see also Va. Code § 15.2-1627(B) (vesting Commonwealth's Attorneys with authority to prosecute felonies and misdemeanors). Regardless, a writ of prohibition cannot be entertained without a proceeding already pending in

an inferior court. See Goodrich v. Commonwealth 210 Va. 295 (1969) (writ of prohibition denied where no proceeding had been instituted against the petitioner). Because there is no underlying criminal matter that has commenced, a writ of prohibition cannot possibly issue.

8. Finally, Plaintiffs cannot prevail on their claims for a temporary and/or permanent injunction. For the reasons stated above, Plaintiffs are not likely to succeed on the merits. This alone defeats their request for injunctive relief.

9. Platania will file a brief in support of this Demurrer in accordance with an agreed upon briefing schedule, and hereby incorporates his brief in support of the Demurrer as if fully set forth herein.

WHEREFORE, for the foregoing reasons, Plaintiffs have failed to state a claim, or allege sufficient facts to support a claim, against Joseph D. Platania in his official capacity as Commonwealth's Attorney for the City of Charlottesville, this Demurrer should be sustained, and this action dismissed with prejudice.

**JOSEPH D. PLATANIA, IN HIS OFFICIAL CAPACITY AS COMMONWEALTH'S ATTORNEY FOR THE CITY OF CHARLOTTESVILLE**

By Counsel

David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
M. Scott Fisher, Jr. (VSB No. 78485)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com
sfisher@hccw.com

## CERTIFICATE

I hereby certify that a true copy of the foregoing was emailed and mailed this 8th day of October, 2019 to:

>Anthony F. Troy, Esq. (VSB No. 05985)
>Eckert Seamans Cherin & Mellott, LLC
>SunTrust Center
>919 East Main Street, Suite 1300
>Richmond, VA 23219
>804-788-7740 - Phone
>804-788-7751 - DD
>804-698-2950 - Fax
>ttroy@eckertseamans.com
>
>Jason C. Hicks, Esq. (VSB No. 46961)
>Ian R. Dickinson, Esq. (VSB No. 92736)
>Womble Bond Dickinson US, LLP
>201 E. Main Street
>Suite P
>Charlottesville, VA 22902
>202-857-4536 - Phone
>202-261-0013 - Fax
>Jason.Hicks@wbd-us.com
>Ian.Dickinson@wbd-us.com

_____
David P. Corrigan