VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF CHARLOTTESVILLE

QUEEN OF VIRGINIA SKILL AND
ENTERTAINMENT, LLC, POM OF
VIRGINIA, LLC, AND MIELE
MANUFACTURING, INC.,

    Plaintiff,

v.                                    Case No. CL19000324-00

JOSEPH D. PLATANIA, IN HIS OFFICIAL
CAPACITY AS COMMONWEALTH'S
ATTORNEY FOR THE CITY OF
CHARLOTTESVILLE,

    Defendant.

## SPECIAL PLEA OF IMMUNITY

    NOW COMES the Defendant Joseph D. Platania, in his official capacity as Commonwealth's Attorney for the City of Charlottesville ("Platania"), by counsel, and avers he is entitled to sovereign immunity and absolute immunity from Plaintiffs' claims for the following reasons:

    1.    Plaintiffs offer electronic console games to bars and convenience stores in the Commonwealth of Virginia. These games are known as "Queen of Virginia Skill & Entertainment" games. Despite the name, Plaintiffs' games have aspects similar to slot machines that allow players to insert and either win or lose money. As such, Platania determined that probable cause exists that Plaintiffs' games may be gambling devices which violate Va. Code §§ 18.2-325 and 331 (herein after, "Virginia gambling statutes"). Platania advised the locations in Charlottesville that housed Plaintiffs' game terminals that they would risk prosecution for a Class I Misdemeanor if the games remained on their premises after August 5, 2019. To the best

**EXHIBIT E**

of Platania's knowledge, the locations complied and removed the games. Plaintiffs now bring suit in an effort to interfere with Platania's prosecutorial discretion, even though they themselves were not subject to prosecution. In Count I of the Complaint, Plaintiffs seek declaratory judgment under the Fourteenth Amendment and the Virginia Constitution and ask this Court to declare their game is not an illegal gambling device. In Count II, Plaintiffs bring suit under 42 U.S. § 1983 and allege their Fourteenth Amendment Due Process rights were violated. In Count III, Plaintiffs seek a writ of prohibition against Platania. In Count IV, Plaintiffs seek a temporary and permanent injunction. Plaintiffs' claims are largely duplicative of one another and all seek the same relief: judicial interference with the business of the Commonwealth's Attorney. All of Plaintiffs' claims should be dismissed.

2. Platania has sovereign immunity for Plaintiffs' claims under Virginia law. Platania has been sued in his official capacity as an attorney for the Commonwealth. Platania is a constitutional officer whose duties are prescribed by law. Va. Const. art. VII, § 4; Doud v. Commonwealth, 282 Va. 317, 321 (2011). As such, the immunity of the Commonwealth extends to Platania, and Platania is immune from actions such as the one at bar which seek to restrain governmental action. Afzall v. Commonwealth, 273 Va. 226, 231 (2007).

3. Platania is also entitled to absolute immunity from Plaintiff's claims under either federal or state law. See Vosburg v. Department of Social Services, 884 F.2d 133 (4th Cir. 1989); Sprigmen v. Williams, 122 F.3d 211, 212-13 (4th Cir. 1997) (holding that the doctrine of absolute immunity squarely covers a prosecutor's decision to go forward with a prosecution). Where a prosecutor is acting within the scope of his duties and is involved with the charging process under Virginia law, his actions are intimately connected with the lawyer's role in judicial proceedings. See e.g., Imbler v. Pachtman, 424 U.S. 409 (1976). Thus, the lawyer is entitled to

2

absolute immunity from suit for his actions. Andrews v. Ring, 266 Va. 311, 585 S.E.2d 780 (2003). The same rule applies under state and federal law. Hunter v. Virginia State Bar, 786 F. Supp. 2d 1107, 1112 (E.D. Va. 2011); Imbler v. Pachtman, 424 U.S. 409 (1976).

4. Platania will file a brief in support of this Special Plea of Immunity in accordance with an agreed upon briefing schedule, and hereby incorporates his brief in support of the Special Plea of Immunity as if fully set forth herein.

WHEREFORE, for the foregoing reasons, this Special Plea of Immunity on behalf of Joseph D. Platania, in his official capacity as Commonwealth's Attorney for the City of Charlottesville, should be sustained, and the Complaint should be dismissed with prejudice.

**JOSEPH D. PLATANIA, IN HIS OFFICIAL CAPACITY AS COMMONWEALTH'S ATTORNEY FOR THE CITY OF CHARLOTTESVILLE**

By Counsel

David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
M. Scott Fisher, Jr. (VSB No. 78485)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com
sfisher@hccw.com

3

## **CERTIFICATE**

I hereby certify that a true copy of the foregoing was emailed and mailed this 8th day of October, 2019 to:

>Anthony F. Troy, Esq. (VSB No. 05985)
>Eckert Seamans Cherin & Mellott, LLC
>SunTrust Center
>919 East Main Street, Suite 1300
>Richmond, VA 23219
>804-788-7740 - Phone
>804-788-7751 - DD
>804-698-2950 - Fax
>ttroy@eckertseamans.com
>
>Jason C. Hicks, Esq. (VSB No. 46961)
>Ian R. Dickinson, Esq. (VSB No. 92736)
>Womble Bond Dickinson US, LLP
>201 E. Main Street
>Suite P
>Charlottesville, VA 22902
>202-857-4536 - Phone
>202-261-0013 - Fax
>Jason.Hicks@wbd-us.com
>Ian.Dickinson@wbd-us.com

David P. Corrigan